# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TIMOTHY EDWARD WALSH | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 19-1289 |
| ALEXANDER ACOSTA, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                    **May 20, 2019**

A federal employee challenging the federal government's administrative decision to terminate his workers' compensation benefits must proceed through an internal administrative process to challenge this decision. He is presently in the middle of this process. Apparently impatient with the administrative process, he abandoned his lawyer in the administrative process and *pro se* filed a twenty-one single space page complaint in this Court suing the federal government for terminating his benefits arguing a lack of due process. He is not able to do so. Under the Federal Employees Compensation Act, Congress eliminated our jurisdiction to entertain claims seeking review of a denial of a federal employee's worker compensation benefits unless he pleads a substantial constitutional claim. Upon our initial review of his complaint, we offered him a second opportunity to do so. But he fails to do so. The employee merely disagrees with the denial of his continued benefits. We lack jurisdiction to entertain his claims requiring we dismiss his complaint. As he failed to allege a substantial constitutional claim and could not remedy this deficiency in response to our show cause Order, further amendment is futile and we dismiss this action based on the present facts with prejudice.

## I. Allegations

Timothy Edward Walsh suffered an ACL tear in April 2000 while working for the Federal Bureau of Prisons.[1] He began receiving workers' compensation benefits under the Federal Employees' Compensation Act. The Office of Workers' Compensation in the Department of Labor notified him on February 22, 2018 of its intent to terminate his benefits, and finally terminated his benefits on March 22, 2018.[2] On December 6, 2018, Mr. Walsh requested the Office reconsider the termination.[3] On March 20, 2019, the Office requested an additional ninety days to respond to his reconsideration request.[4]

But just a week after the Office's request for an extension, and without the aid of his lawyer in the administrative process, Mr. Walsh *pro se* sued the Secretary of Labor alleging the Office used a "fatally flawed" statement of facts concerning his medical condition in terminating his workers' compensation benefits.[5] He alleges the statement of facts omitted two of Mr. Walsh's conditions: (1) an injury to his peroneal nerve and (2) a lesion of his planter nerve.[6] Mr. Walsh alleges a number of physicians relied on the flawed statement of facts in assessing his condition, ultimately leading to the Office terminating his workers' compensation benefits on March 22, 2018.[7] He also immediately moved for emergency injunctive relief.

Mr. Walsh alleges the Office of Workers' Compensation Programs within the Department of Labor terminated his workers' compensation benefits under the Federal Employees' Compensation Act. He now sues the Department of Labor's Office of Workers' Compensation Program claiming the Office deprived him of due process in terminating his workers' compensation benefits. He alleges the Office relied on a deficient statement of facts in terminating his benefits. Upon filing and review of the motion for immediate injunctive relief, we reviewed the complaint for subject matter jurisdiction and, mindful of the Federal Employees'

Compensation Act, ordered Mr. Walsh to show cause as to why we should not dismiss for lack of subject matter jurisdiction.[8]

**II.    Analysis**

Under the Compensation Act, the United States agrees to pay workers' compensation benefits for federal employees injured while working.[9] But under Section 8128 of the Act, Congress removed our jurisdiction to hear claims seeking review of a decision on an employee's benefits:

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is—
>
> (1) final and conclusive for all purposes and with respect to all questions of law and fact; and
>
> (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.[10]

Our Court of Appeals explained "[t]he clear language of the statute precludes jurisdiction over a challenge to the agency's factual determinations and even violations of clear statutory mandates."[11] But despite the statute's "strong preclusive effect," Mr. Walsh may invoke our limited jurisdiction over a "substantial" constitutional claim.[12]

Mr. Walsh alleges the Office deprived him of due process in terminating his workers' compensation benefits. In *Kerrigan v. Chou*, our Court of Appeals held to assert a "substantial" due process claim under the Compensation Act, the plaintiff "must identify a protected property interest and show that he was not provided with pre-termination notice and an opportunity to be heard."[13] The plaintiff in *Kerrigan* received a letter from the Office of Workers' Compensation Programs stating it would terminate his benefits if he failed to attend vocational training. The Office further stated if he must challenge the decision within thirty days.[14] The court found because

3

the Office provided notice and an opportunity to challenge the decision, the plaintiff failed to state a "substantial" due process claim under the Compensation Act.[15]

The United States District Court for the District of Columbia's decision in *Nurriddin v. Acosta* is also persuasive.[16] In *Nurriddin*, the plaintiff sued the Department of Labor's Office of Workers' Compensation Programs under the Act arguing the Department denied him due process in terminating his workers' compensation benefits.[17] The district court explained while Section 8128(b) barred jurisdiction to hear claims under the Compensation Act, it could entertain a "substantial constitutional claim."[18] As the plaintiff alleged the Office terminated his Compensation Act benefits without due process, the court explained to state a due process claim, the plaintiff must show a deprivation of a property interest without notice and an opportunity to respond. The court found workers' compensation benefits constituted a property interest and the Office deprived the plaintiff of the interest by terminating his benefits. But the court found the Office afforded due process since the plaintiff alleged he "was afforded the opportunity to challenge [the Office's] decision using the administrative review procedures available under [the Compensation Act]—reconsideration, hearing, or [Employees' Compensation Appeals Board] appeal."[19]

Throughout his complaint and response to our show cause order, Mr. Walsh generally alleges the Office deprived him of due process. But Mr. Walsh does not allege the Office of Workers' Compensation denied him notice of termination or the opportunity to challenge the Office's decision.

To the contrary, Mr. Walsh has taken advantage of the procedures for challenging the decisions. He alleges the Office is "currently deliberating" his appeal of the termination of his benefits.[20] Mr. Walsh alleges his appeal is pending as he has "not yet received a decision from [the

4

Office] regarding the current and timely Request for Reconsideration (appeal) of [his] 'Termination' of FECA benefits."[21] He also alleges the Office requested an extension to respond to his reconsideration request.[22] The Department of Labor, through the Office of Workers' Compensation Programs, has not denied notice or an opportunity to challenge the termination of Mr. Walsh's workers' compensation benefits. Mr. Walsh cannot claim denial of due process since he used (and continues to do so) the procedures for challenging the Office's decision concerning his benefits.[23] While he alleges the Office relied on tainted documents in terminating his benefits, courts in our circuit dismiss due process claims alleging similar deficiencies in the Office's benefits determination process.[24]

### III. Conclusion

Since Mr. Walsh fails to state a substantial constitutional claim, we lack subject matter jurisdiction over his case under Section 8128 of the Compensation Act. Given our mandate to ensure subject-matter jurisdiction, we dismiss Mr. Walsh's complaint.[25]

---

[1] ECF Doc. No. 6, at p. 1.

[2] ECF Doc. No. 1, at p. 13.

[3] *Id.* at p. 14.

[4] *Id.*

[5] *Id.* at p. 7.

[6] *Id.*

[7] *Id.* at p. 13.

[8] ECF Doc. No. 4.

[9] 5 U.S.C. § 8102(a).

[10] *Id.* § 8128(b).

5

[11] *Kerrigan v. Chou*, 151 F. App'x 129, 131 (3d Cir. 2005).

[12] *Id.* (citing *Czerkies v. U.S. Dep't of Labor*, 73 F.3d 1435, 1440 (7th Cir. 1996)).

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Nurriddin v. Acosta*, 327 F. Supp. 3d 147 (D.D.C. 2018).

[17] *Id.* at 150.

[18] *Id.* at 156.

[19] *Id.*; *see* 20 C.F.R. § 10.600 ("There are three methods for reviewing a formal decision of the OWCP . . . reconsideration by the district office; a hearing before an OWCP hearing representative; and appeal to the Employees' Compensation Appeals Board (ECAB)."); *see also Gallucci v. Chao*, 374 F. Supp. 2d 121, 126 (D.D.C. 2005), *aff'd*, No. 05-5280, 2006 WL 3018055 (D.C. Cir. Mar. 2, 2006) ("Unlawfully depriving a claimant of benefits does not violate due process because [the Compensation Act] provides for meaningful post-deprivation remedies.").

[20] ECF Doc. No. 1, at p. 11.

[21] ECF Doc. No. 6, at p. 10.

[22] ECF Doc. No. 1, at p. 14.

[23] *Al-Beshrawi v. Chao*, No. 06-369, 2007 WL 1231477, at *7 (N.D. Ohio Apr. 23, 2007) ("Plaintiff is welcome to continue to avail himself of the administrative review process of [the Compensation Act], which courts have found provides ample due process to claimants.").

[24] *Paul v. Tsoukaris*, No. 14-5208, 2016 WL 6804944, at *2 (D.N.J. Feb. 17, 2016), *report and recommendation adopted*, No. 14-5208, 2016 WL 6803074 (D.N.J. Nov. 15, 2016) (denying due process claim under the Compensation Act alleging "misrepresentation and concealment of facts" in benefits determination as plaintiff actually sought review of the determination); *Thomas v. U.S. Dep't of Labor Employment Standards Admin.*, No. 07-2250, 2008 WL 2777407, at *5 (M.D. Pa. July 14, 2008) (denying due process claim when plaintiff alleged "numerous opportunities" to challenge the Department of Labor's termination of his benefits).

[25] *Walls v. Ahmed*, 832 F. Supp. 940, 941 (E.D. Pa. 1993) ("Lack of subject matter jurisdiction is a ground for dismissal and may be raised at any time by the parties or by the court *sua sponte*.").